IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HENRY J. BUNCH                                                                                     PLAINTIFF

       v.                              Civil No. 06-5220

SCOTT CRAIG, Cherokee Nation
Federal Marshal's Office; SUPERVISOR
JOHN DOE, Cherokee Nation Federal
Marshal's Office; CHAD SMITH, Chief,
Cherokee Nation; RICK HOYT,
Chief of Police, Fayetteville,
Arkansas; ROBERT ALLEN RILEY,
Fayetteville Police Department; JEREMY
B. GRAMMAR, Fayetteville Police
Department; CHRISTOPHER D. MOAD,
Fayetteville Police Department;
THOMAS E. REED, Fayetteville Police
Department; DEREK F. KRAUSE, Fayetteville
Police Department; NATHANIEL R. COY,
Fayetteville Police Department; and JANET
E. MACRI, Fayetteville Police Department                                                DEFENDANTS

**<u>ORDER</u>**

On December 7, 2006, the plaintiff, Henry J. Bunch filed a motion to amend his complaint (Doc. 6). He seeks to add as defendants the following: (1) the Fayetteville Police Department; (2) the Wal-Mart Super Center located at 2875 W. Sixth Street in Fayetteville, Arkansas; (3) Jarrod L. Nelson; and (4) Nathan J. Skelton.

Plaintiff filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis*. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of the "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

-1-

AO72A
(Rev. 8/82)

The motion to amend (Doc. 6) the complaint is denied. First, the Fayetteville Police Department is not subject to suit under § 1983. The police department is a building and not a person or a legal entity subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

Second, Wal-Mart is a private corporation and does not act under color of state law. "[T]he only proper defendants in a section 1983 claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995)(internal quotation omitted).

Third, Jarrod Nelson and Nathan Skelton, who were merely employees of Wal-Mart who detained Bunch, are not subject to suit under § 1983. Generally, store employees or store security guards who detain and investigate suspected shoplifters do not act under color of state law. *See e.g. Guiducci v. Kohl's Dep't Stores,* 320 F. Supp. 2d 35, 37 (E.D.N.Y. 2004). In this case, there is no allegation of joint activity between Nelson and Skelton and state actors nor is there any allegation that they conspired with state actors.

The court, having heretofore entered an order allowing the plaintiff to proceed *in forma pauperis*, hereby directs the United States Marshal to serve the defendants Robert Allen Riley, Jeremy B. Grammar, Christopher D. Moad, Thomas E. Reed, Derek F. Krause, Nathaniel R.

AO72A
(Rev. 8/82)

Coy, and Janet E. Macri. The defendants may be served at the Fayetteville Police Department, 100-A W. Rock Street, Fayetteville, AR 72701. Defendants are to be served without prepayment of fees and costs or security therefor. The defendants are ordered to answer within twenty (20) days from the date of service.

IT IS SO ORDERED this 1st day of March 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)