IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


HENRY J. BUNCH                                                                    PLAINTIFF


              v.                        Civil No. 06-5220


ROBERT ALLEN RILEY,
Fayetteville Police Department; JEREMY
B. GRAMMAR, Fayetteville Police
Department; CHRISTOPHER D. MOAD,
Fayetteville Police Department;
THOMAS E. REED, Fayetteville Police
Department; DEREK F. KRAUSE, Fayetteville
Police Department; NATHANIEL R. COY,
Fayetteville Police Department; and JANET
E. MACRI, Fayetteville Police Department                         DEFENDANTS


## O R D E R

        Defendants filed a motion for summary judgment (Doc. 23).  To assist plaintiff in

responding to the motion for summary judgment, the undersigned is propounding a

questionnaire.  The court will consider plaintiff's response to the questionnaire in issuing a report

and recommendation on the motion for summary judgment.

        For this reason, Henry J. Bunch is hereby directed to complete, sign, and return the

attached response to defendants' motion for summary judgment on or before **August 4, 2008**.

**Plaintiff's failure to respond within the required period of time may subject this matter to**

**dismissal for failure to comply with a court order.**

        IT IS SO ORDERED this 9th day of July 2008.


                                        /s/ *J. Marschewski*
                                        _____
                                        HON. JAMES R. MARSCHEWSKI
                                        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HENRY J. BUNCH                                                                          PLAINTIFF

            v.                              Civil No. 06-5220

ROBERT ALLEN RILEY,
Fayetteville Police Department; JEREMY
B. GRAMMAR, Fayetteville Police
Department; CHRISTOPHER D. MOAD,
Fayetteville Police Department;
THOMAS E. REED, Fayetteville Police
Department; DEREK F. KRAUSE, Fayetteville
Police Department; NATHANIEL R. COY,
Fayetteville Police Department; and JANET
E. MACRI, Fayetteville Police Department                                    DEFENDANTS

## <u>RESPONSE TO SUMMARY JUDGMENT MOTION</u>

TO:  HENRY J. BUNCH

        These questions and answers will serve as your response to defendants' motion for

summary judgment.  You may use additional sheets of paper in responding to these questions.

You must file this response by **August 4, 2008.**

        1. Nathaniel Coy is currently an officer with the Fayetteville Police Department (FPD)

and was an officer with the FPD on November 14, 2004.[1]

        Agree_____ Disagree_____Without knowledge to agree or disagree_____.

        If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit A at ¶

_____

        [1]Some of the affidavits utilize the date of November 4, 2004.  However, the case
report or arrest reports from the officers all contain the date of November 14, 2004, the same
date used by the plaintiff.  Thus, the court assumes the date of November 14, 2004, is the
correct date.

-2-

1.

_____

_____

_____

_____

2.  Coy did not witness your apprehension or arrest on November 14, 2004.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit A at ¶

2.

_____

_____

_____

_____

3.  When Coy arrived on the scene on November 14, 2004, you had already been

taken into custody.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit A at ¶

4.

_____

_____

_____

_____

-3-

4.  Coy did not witness anyone pick you off the ground and slam you to the ground or kick you, beat you with a stick, or stomp on you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit A at ¶ 5.

_____

_____

_____

_____

5.  Coy did not witness anyone use excessive physical force on you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit A at ¶ 6.

_____

_____

_____

_____

6.  At no time while Coy was present did you claim that you were injured.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit A at ¶ 7.

_____

-4-

_____

_____

_____

     7.  You were arrested  on November 14, 2004, and charged with possession of a

controlled substance (marijuana), possession of a controlled substance (pseudoephedrine),

possession of drug paraphernalia, and furnishing prohibited articles.

     Agree_____ Disagree_____Without knowledge to agree or disagree_____.

     If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit A,

Case Report of Officer Coy.

_____

_____

_____

_____

     8.  You were placed in the back of Coy's patrol unit and transported to the city jail.

     Agree_____ Disagree_____Without knowledge to agree or disagree_____.

     If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit A,

Case Report of Officer Coy.

_____

_____

_____

_____

     9.  At city jail, a search of your clothing was conducted.  Five grams of a green leafy

substance, later determined to be marijuana, was found in a plastic baggie in your pants pocket.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit A, Case Report of Officer Coy.

_____

_____

_____

_____

10.  Robert Riley is currently an officer with the FPD and was on November 14, 2004.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B at ¶ 1.

_____

_____

_____

_____

11.  At no time did Riley pick you up off the ground, slam you to the ground, kick you, beat you with a stick, or stomp on you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B at ¶ 3.

_____

_____

_____

_____

12.  Riley did not see anyone else pick you off the ground, slam you to the ground, kick you, beat you with a stick, or stomp you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B at ¶ 4.

_____

_____

_____

_____

13.  Riley used only reasonable force in dealing with you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B at ¶ 5.

_____

_____

_____

_____

AO72A
(Rev. 8/82)

14. You never said in Riley's presence that you were injured.

Agree_____ Disagree_____ Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit B at ¶ 6.

_____

_____

_____

_____

15. Riley did not witness anyone use anything other than reasonable force with you.

Agree_____ Disagree_____ Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit B at ¶ 7.

_____

_____

_____

_____

16. On November 14, 2004, Riley was dispatched to a shots fired call in the area of Wal-Mart West at 2875 W. Sixth.

Agree_____ Disagree_____ Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit B, Case Report of Officer Riley.

_____

AO72A
(Rev. 8/82)

_____

_____

_____

17.  Before Riley arrived at the scene, Officer Reed arrived and advised by radio that

he had witnessed you run north across Sixth Street into a residential area at the intersection of

One Mile and Sixth Street.  Officer Macri arrived at the scene.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B,

Case Report of Officer Riley.

_____

_____

_____

_____

18.  Officer Reed advised that shots had been fired at him.  Riley then arrived at the

scene just after Officers Grammar and Moad.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B,

Case Report of Officer Riley.

_____

_____

_____

_____

-9-

19.   Riley parked at the intersection of One Mile and Sixth Street.  After determining that Officers Macri and Reed were not injured, Riley proceeded northbound to set up a perimeter.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B, Case Report of Officer Riley.

_____

_____

_____

_____

20.   Officer Grammar caught sight of you crouching near a bush in front of the residence at 1020 S. One Mile Road.  Grammar ordered you to the ground.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B, Case Report of Officer Riley.

_____

_____

_____

_____

21.   Grammar had to make several verbal orders for you to get on the ground before you would comply.  When you went to the ground, officers approached.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

-10-

AO72A
(Rev. 8/82)

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B,

Case Report of Officer Riley.

_____

_____

_____

_____

22.  When Moad attempted to secure you in handcuffs, you became aggressive and

attempted to pull your arms away.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B,

Case Report of Officer  Riley.

_____

_____

_____

_____

23.   Macri secured the weapon that was near your feet while Moad was attempting to

secure you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B,

Case Report of Officer Riley.

_____

_____

_____

_____

24.  Riley tried to secure one of your legs to keep you from kicking at people while
you were being secured.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B,

Case Report of Officer Riley.

_____

_____

_____

_____

25.  While searching you, Riley located seven boxes of pseudoephedrine at the bottom
of one pant leg that were secured to your ankle by stereo wire.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B,

Case Report of Officer Riley.

_____

_____

_____

_____

26.  At this point, you kicked Riley in the back and upper neck area.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

-12-

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B,

Case Report of Officer Riley.

_____

_____

_____

_____

27.  Officer Krause applied a drive stun to you to get you to stop resisting.

Agree_____  Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B,

Case Report of Officer Riley.

_____

_____

_____

_____

28.  After you were secured and taken to the patrol unit, Moad found a couple of

bullet rounds that came out of your pockets.

Agree_____  Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B,

Case Report of Officer Riley.

_____

_____

_____

AO72A
(Rev. 8/82)

29.  Riley secured a 9mm round, a 38 caliber bullet, the pseudoephedrine, some articles of clothing, and two black address books.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B, Case Report of Officer Riley.

_____

_____

_____

_____

30.  The pseudoephedrine, address book, a shirt, jacket and a baseball cap which was the property of Wal-Mart, were tagged and submitted into evidence.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit B, Case Report of Officer Riley.

_____

_____

_____

_____

31.  Thomas Reed is currently an officer with the FPD and was an officer with the FPD on November 14, 2004.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

AO72A
(Rev. 8/82)

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit C at ¶ 1.

_____

_____

_____

_____

32.  Reed had no physical contact with you on November 14, 2004.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit C at ¶ 3.

_____

_____

_____

_____

33.  Reed did not witness your apprehension or arrest on November 14, 2004.

Agree_____ Disagree_____ Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit C at ¶ 4.

_____

_____

_____

_____

-15-


AO72A
(Rev. 8/82)

34.  Reed responded to a call of shots fired in the area of 2875 West Sixth Street.  He was advised there were two males chasing another male in the Wal-Mart parking lot.  He was told one of the males was shooting at the other two.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit C, Case Report of Officer Reed.

_____

_____

_____

_____

35.  As Reed was approaching the intersection of Sixth and One Mile, he observed three males run across Sixth Street in front of his patrol unit.  One was a black male in a blue shirt with two males chasing him.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit C, Case Report of Officer Reed.

_____

_____

_____

_____

36.  Reed was waved down by the two males who were chasing the black male.  The two men were later identified as Wal-Mart security.  Reed pulled into the parking lot of 2941

-16-

West Sixth Street.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit C,

Case Report of Officer Reed.

_____

_____

_____

_____

37.  Reed identified himself as a police officer, he had the lights and siren on of his

patrol unit, and was dressed in uniform.  He told you to stop, show your hands, and get to the

ground.  You turned and looked at him and continued to flee.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit C,

Case Report of Officer Reed.

_____

_____

_____

_____

38.  Reed observed you run north around the corner of a house and reach into your

waistband with your lefthand and remove a handgun.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit C,

-17-

Case Report of Officer Reed.

_____

_____

_____

_____

39.  At this point, Reed was almost parallel to you about thirty feet away from you.

You turned towards him and pointed the handgun at him extended it from your left shoulder

and looking directly at Reed you discharged one round at Reed.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit C,

Case Report of Officer Reed.

_____

_____

_____

_____

40.  Reed took cover behind a tree and radioed that shots had been fired.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit C,

Case Report of Officer Reed.

_____

_____

_____

-18-

41. Macri was about thirty feet behind Reed and to the west. You kept running to the north.

Agree_____ Disagree_____ Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit C, Case Report of Officer Reed.

_____

_____

_____

_____

42. Jeremy Grammar was an officer with the FPD on November 14, 2004.

Agree_____ Disagree_____ Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit D at ¶ 1.

_____

_____

_____

_____

43. Grammar did not pick you up off the ground, slam you to the ground, kick you, beat you with a stick, or stomp on you.

Agree_____ Disagree_____ Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit D at ¶

AO72A
(Rev. 8/82)

3.

_____

_____

_____

_____

44.  Grammar did not witness anyone else pick you up off the ground, slam you to the ground, kick you, beat you with a stick, or stomp on you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit D at ¶ 4.

_____

_____

_____

_____

45.  Grammar used only reasonable force against you on November 14, 2004.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit D at ¶ 5.

_____

_____

_____

_____

AO72A
(Rev. 8/82)

46.  You did not in Grammar's presence on November 14, 2004, state that you were injured.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit D at ¶ 6.

_____

_____

_____

_____

47.  Grammar did not witness anyone use other than reasonable force against you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit D at ¶ 7.

_____

_____

_____

_____

48.  When Grammar arrived at the scene, he began setting up an outer perimeter.  The address you had run in front of was 1020 One Mile.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit D, Case Report of Officer Grammar.

AO72A
(Rev. 8/82)

_____

_____

_____

_____

49. Grammar observed a small bush near a section of the front of the house and a large shadow mass behind the bush moving. Grammar pointed his shot gun at the mass and began giving orders.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit D, Case Report of Officer Grammar.

_____

_____

_____

_____

50. Grammar could see it was a human body behind the bush. Grammar ordered you to show your hands. You stood up and then squatted back down quickly. Grammar again ordered you to show your hands and step away from the side of the house.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit D, Case Report of Grammar.

_____

_____

AO72A
(Rev. 8/82)

_____

_____

51. You then stood up, showed Grammar both your hands, and took one step towards the north with your hands out at your sides.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit D, Case Report of Officer Grammar.

_____

_____

_____

_____

52. Grammar ordered you to a prone position in the front yard of 1020 One Mile.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit D, Case Report of Officer Grammar.

_____

_____

_____

_____

53. With his gun pointed at you, Grammar approached and covered you while other officers put you in handcuffs.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

-23-

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit D, Case Report of Officer Grammar.

_____

_____

_____

_____

54. As Grammar approached, he saw a black revolver with a wooden handle lying on the ground between your feet. Macri took control of the weapon.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit D, Case Report of Officer Grammar.

_____

_____

_____

_____

55. As you were being searched, you became combative and Grammar saw you kick Riley in the back with one of your feet.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit D, Case Report of Officer Grammar.

_____

_____

AO72A
(Rev. 8/82)

_____

_____

    56.  Krause then applied a drive stun with his taser to your carotid artery area.

Agree_____  Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit D,

Case Report of Officer Grammar.

_____

_____

_____

_____

    57. Chris Moad is an officer with the FPD and was an officer with the FPD on

November 14, 2004.

Agree_____  Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E at ¶

1.

_____

_____

_____

_____

    58.  Moad did not pick you up off the ground, slam you to the ground, or kick, or beat

you with a stick or stomp on you.

Agree_____  Disagree_____Without knowledge to agree or disagree_____.

AO72A
(Rev. 8/82)

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E at ¶ 3.

_____

_____

_____

_____

59.  Moad did not witness anyone else pick you up off the ground, slam you to the ground, or kick you, or beat you with a stick or stomp on you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E at ¶ 4.

_____

_____

_____

_____

60.  Moad used reasonable force against you at all times on November 14, 2004.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E at ¶ 5.

_____

_____

_____

AO72A
(Rev. 8/82)

61.  You did not claim in Moad's presence that you were injured.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E at ¶

6.

_____

_____

_____

_____

62.  Moad did not witness anyone use excessive physical force against you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E at ¶

7.

_____

_____

_____

_____

63.  Moad arrived at the scene at the same time as Officer Grammar.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E, Case

Report of Officer Moad.

_____

AO72A
(Rev. 8/82)

_____

_____

_____

     64.  After you went to the ground, Moad approached and secured your hands in

handcuffs.

     Agree_____ Disagree_____Without knowledge to agree or disagree_____.

     If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E, Case

Report of Officer Moad.

_____

_____

_____

_____

     65.  You attempted to pull your arms away from Moad as he was attempted to

handcuff you.

     Agree_____ Disagree_____Without knowledge to agree or disagree_____.

     If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E, Case

Report of Officer Moad.

_____

_____

_____

_____

AO72A
(Rev. 8/82)

66.   Riley and Krause assisted in securing you so Moad could handcuff you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E, Case

Report of Officer Moad.

_____

_____

_____

_____

67.   Macri secured a weapon located directly at your feet.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E, Case

Report of Officer Moad.

_____

_____

_____

_____

68.   As Moad was securing you, Macri began to check you for weapons.  You began

to kick and pull away despite commands by Grammar to lay still.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E, Case

Report of Officer Moad.

_____

AO72A
(Rev. 8/82)

_____

_____

_____

     69.  Moad gave you several commands to stop resisting.  You continued to resist and

yell at officers.

     Agree_____ Disagree_____Without knowledge to agree or disagree_____.

     If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E, Case

Report of Officer Moad.

_____

_____

_____

_____

     70.  Moad ordered you to remain silent.  You continued to speak.

     Agree_____ Disagree_____Without knowledge to agree or disagree_____.

     If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E, Case

Report of Officer Moad.

_____

_____

_____

_____

     71.  At one point, you stated "I did not shoot anyone, I only shot in the air."  Moad

again advised you to remain silent, but you continued to speak.

AO72A
(Rev. 8/82)

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit E, Case Report of Officer Moad.

_____

_____

_____

_____

72.    While searching you, Moad found seven boxes of pseudoephedrine pills, one 38 caliber round, and a small plastic baggy. You had two pair on pants on and the pseudoephedrine was located on the inside pair on pants secured with stereo wire.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit E, Case Report of Officer Moad.

_____

_____

_____

_____

73.    As they were attempted to secure you, you continued to kick your legs and kicked Riley.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit E, Case Report of Officer Moad.

AO72A
(Rev. 8/82)

_____

_____

_____

_____

74.  At this point, Krause applied a drive stun to you.  You still continued to resist.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E, Case

Report of Officer Moad.

_____

_____

_____

_____

75.  You were placed in Moad's patrol unit.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit E, Case

Report of Officer Moad.

_____

_____

_____

_____

76.  Crime scene tape was used to seal off the area where you fled on foot and where

you had fired the shots at Reed.

-32-

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit E, Case

Report of Officer Moad.

_____

_____

_____

_____

    77. On November 14, 2004, Derek Krause was acting in his capacity as an officer of

the FPD.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit F at ¶

1.

_____

_____

_____

_____

    78. Krause did not pick you up off the ground, slam you to the ground, or kick you,

or beat you with a stick, or stomp on you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit F at ¶

3.

_____

AO72A
(Rev. 8/82)

_____

_____

_____

79.  Krause did not see anyone else pick you up off the ground, slam you to the ground, or kick you, or beat you with a stick, or stomp on you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit F at ¶ 4.

_____

_____

_____

_____

80.  While officers were attempting to handcuff you, you were trying to resist and kicked Riley.  Krause applied a five-second drive stun with a X26 Taser to your carotid artery to subdue you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit F at ¶ 5.

_____

_____

_____

_____

AO72A
(Rev. 8/82)

81.  Krause applied only one stun drive.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit F at ¶

5.

_____

_____

_____

_____

82.  Krause used reasonable force in an effort to restrain you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit F at ¶

6.

_____

_____

_____

_____

83.  At no time while Krause was present, did you say that you were injured.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit F at ¶

7.

_____

_____

_____

_____

84. Krause did not see anyone use unreasonable or excessive physical force against

you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit F at ¶

8.

_____

_____

_____

_____

85. John Brooks is currently an officer with the FPD and was a criminal investigator

with the FPD on November 14, 2004.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit G at ¶

1.

_____

_____

_____

_____

86. On November 14, 2004, Brooks came to the city jail to recover a gunshot residue

kit from your hands and to photograph numerous tattoos on your upper torso, neck, back,

arms, leg, and hands.

Agree_____ Disagree_____ Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit G at ¶ 2.

_____

_____

_____

_____

87. You did not tell Brooks you were injured on November 14, 2004.

Agree_____ Disagree_____ Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit G at ¶ 3.

_____

_____

_____

_____

88. On November 14, 2004, Macri was an officer for the FPD.

Agree_____ Disagree_____ Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit H at ¶ 1.

_____

_____

_____

_____

89.  Macri did not pick you up off the ground, slam you to the ground, kick you, beat you with a stick, or stomp on you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit H at ¶ 3.

_____

_____

_____

_____

90.  Macri did not see anyone pick you up off the ground, slam you to the ground, kick you, beat you with a stick, or stomp on you.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit H at ¶ 4.

_____

_____

_____

_____

91.  Macri did not see anyone use excessive or unreasonable physical force against you.

AO72A
(Rev. 8/82)

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit H at ¶

6.

_____

_____

_____

_____

92. Macri was with Reed when he saw you motion towards Reed. Macri heard one

shot fired in their direction.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit H,

Case Report of Officer Macri.

_____

_____

_____

_____

93. Macri radioed that shots had been fired and then went to the ground because of

his lack of cover.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit H,

Case Report of Officer Macri.

_____

-39-

_____

_____

_____

94. Macri stood back up and saw you running westbound through the yard of a second residence on One Mile. Macri began chasing you. Macri stopped when you went around the front of the house.

Agree_____ Disagree_____ Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit H, Case Report of Officer Macri.

_____

_____

_____

_____

95. Macri lost sight of you and you were later arrested near the front of the house. Macri came around and located a gun at the base of your feet.

Agree_____ Disagree_____ Without knowledge to agree or disagree_____.

If you disagree, explain. In explaining, please refer to the Defendants' Exhibit H, Case Report of Officer Macri.

_____

_____

_____

_____

-40-

96.  The FPD has a policy regarding the use of force that provides that the officers shall not use more force in any situation than is reasonably necessary under the circumstances.

Agree_____ Disagree_____Without knowledge to agree or disagree_____.

If you disagree, explain.  In explaining, please refer to the Defendants' Exhibit I.

_____

_____

_____

_____

97.  Did you suffer any physical injury as a result of the alleged use of physical force against you on November 14, 2004?

Answer:  Yes _____ No _____.

If you answered yes, please describe:  (a) the physical injuries you suffered; (b) the symptoms you experienced; (c) the severity of the injuries or symptoms; (d) whether you sought, or received, medical treatment; (e) the treatment you received; and (f) how long it took you to recover from the injuries.

_____

_____

_____

_____

_____

_____

AO72A
(Rev. 8/82)



-42-

98.  List each defendant you contend used excessive physical force against you and describe in detail how he used excessive physical force against you.

Answer:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO72A
(Rev. 8/82)

-44-

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Detail below any further response you would like to make to defendants' motion for summary judgment.  If you have any exhibits you would like the court to consider, you may attach them to this response.

_____

_____

_____

_____

AO72A
(Rev. 8/82)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

      I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS

TRUE AND CORRECT.

      EXECUTED ON THIS _____ DAY OF _____ 2008.


_____

      HENRY J. BUNCH

AO72A
(Rev. 8/82)